FIRST STATE BANK OF LE SUEUR v. SIBLEY COUNTY BANK and Others.[1]

November 18, 1904.

Nos. 14,045—(95).

**Creditors' Bill.**

Several creditors entered into an agreement with their debtor that in consideration of further advances of money, and an extension of the time of payment of past-due indebtedness, the debtor should execute notes equal to the amount of the entire indebtedness, and a mortgage securing the same upon real estate to a third party to hold as security for them; the notes to be indorsed by the mortgagee without recourse to the various creditors in amounts equal to their several demands. The agreement having been carried out, a part of the real estate having been sold, and

[1] Reported in 101 N. W. 309.

the proceeds paid into the hands of the mortgagee, who failed to account for the same to the various creditors, and a part of the interest upon the mortgaged notes having become due and unpaid, *held*, that an action may be maintained by one of the creditors to enforce the sale of the mortgaged property, to determine the various claims, the amount of the mortgagee's expenses and compensation, and to secure a distribution of the remainder to the various creditors.

**Pleading.**

The complaint states facts sufficient to constitute a cause of action, and there is no defect of parties plaintiff, all parties interested having been made parties defendant.

Appeal by defendant Frederick Habegger, trustee in bankruptcy of defendant H. Burton Strait, from an order of the district court for Ramsey county, Orr, J., overruling his separate answer to the complaint. Affirmed.

*F. J. Leonard* and *F. C. Irwin,* for appellant.

*Warner & Lawrence* and *Warner & Kennedy,* for respondents.

LEWIS, J.

The complaint, in substance, states: That defendant Burton Strait, July 2, 1902, was the owner of certain real estate, and at that time was indebted to plaintiff in the sum of $1,500; to defendant Sibley County Bank, $5,500; to defendant Lyon County National Bank, $5,000; and to the First State Bank of Arlington, $2,500. These several amounts were evidenced by promissory notes, and, for the purpose of obtaining an extension of time within which to pay the same, defendant Strait on that date executed and delivered to defendant Kipp six promissory notes, payable to his order on or about October 1, 1903, bearing interest; and, as a part of the transaction, Strait and his wife duly executed and delivered to defendant Kipp the usual mortgage deed upon his real estate to secure such promissory notes, which altogether amounted to $14,500. That it was agreed by Strait and such creditors prior to the execution of such notes and mortgage that they would be executed to defendant Kipp, and that he would indorse the notes without recourse, and transfer and deliver the same to plaintiff and the other defendant creditors in exchange for the notes they held as evidence of their several claims against Strait. It is alleged that it was further agreed that defendant Kipp should hold the mortgage

for the use and benefit of such creditors; that he would attend to the collection of all money realized from the sale of the property, and account therefor to the creditors, less a reasonable compensation for his services and expenses in proportion to the amount of their claims; that said agreement was carried out by defendant Kipp, the notes indorsed and delivered by him, and received by the creditors severally in exchange for the notes which they then held against defendant Strait. It is alleged that the mortgage was duly recorded, and that the First Bank of Arlington sold and transferred its note to defendant Sibley County Bank; that all of the notes and mortgages are past due, no part thereof having been paid, except the interest to October 1, 1903. It is alleged that a portion of the real estate had been sold and converted into money, and the proceeds paid over to defendant Kipp; that November 6, 1903, defendant Strait was duly adjudged a bankrupt; and that defendant Habegger was duly appointed trustee in bankruptcy. It is further stated that defendant Kipp has expended moneys and rendered certain services in connection with his duties, and that he claims a lien upon the real property and the proceeds for his disbursements and compensation. The relief prayed for is that, under the direction of the court, the amount due be adjudged; that the amount of defendant Kipp's lien for disbursements and expenses be determined; and that the property be sold to satisfy the judgment.

This complaint was demurred to upon the ground, first, that there is a defect of parties plaintiff; second, that the complaint does not state facts sufficient to constitute a cause of action.

Counsel for appellant misapprehends the nature of this action. It is not to foreclose a mortgage, simply. If so, there might be some reason for the assertion that the various creditors interested with plaintiff should be joined as parties plaintiff, assuming that they were joint mortgagees. It sufficiently appears from the complaint that the mortgage and notes were executed by Strait to Kipp, by agreement of all the parties, in consideration of the advance of certain additional money, and extension of the time of payment for the indebtedness already existing. Kipp was to act as the trustee or representative of the creditors, receive the money from sales of the land covered by the mortgage, and distribute the proceeds to the creditors, less the expense and reasonable compensation for his services. This agreement

was carried out, and part of the land was sold, and the money paid to Kipp, but there was a failure to complete the agreement. The interest was only partly paid, and the money received by Kipp was not accounted for. This is an equitable action brought by one of the parties interested not only to secure a sale of the property covered by the mortgage, but to have adjudicated the various claims and the amount of the expenses and compensation of the trustee, and distribute the proceeds. The court has jurisdiction of the subject-matter. All of the parties interested are brought in as parties defendant. The agreement set out was a lawful one, and it does not follow that, because the nominal mortgagee was empowered to enforce the foreclosure of the mortgage, the creditors are without remedy when he fails to act. The complaint states facts sufficient to constitute a cause of action.

Order affirmed.